IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLIFFORD EATON,

                      Petitioner,                      OPINION AND ORDER

    v.

                                                      22-cv-308-wmc

R.D. KEYES,

                      Respondent.

---

      Petitioner Clifford Eaton, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241. In his petition to this court, Eaton challenges the Bureau of Prison's ("BOP") decision from 2017 to revoke good time credit for the use of narcotics. This petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which can be applied to petitions brought under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. Because Eaton's petition does not support an inference that his Fourteenth Amendment due process rights may have been violated during the disciplinary proceedings, the court must dismiss this petition.

OPINION

      Disciplinary hearings that deprive an inmate of good-time credit -- and as a result, increase the inmate's period of incarceration -- *may* serve as a basis for requesting habeas relief. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Waletzki v. Keohane*, 13

1

F.3d 1079, 1080 (7th Cir. 1994).   Still, § 2241 states that the "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."

A disciplinary decision that results in the loss of good-time credits must provide the inmate with the following procedural safeguards to adhere to due process: (1) advance written notice of the charges; (2) an opportunity, taking into account the institution's safety concerns, to call witnesses and present evidence in his or her defense; (3) a written statement from the factfinder identifying the evidence on which they relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

On July 11, 2017, when Eaton was previously incarcerated at FCI-Otisville, he was charged in an incident report with violating Prohibited Act Code 11, "Use of Narcotics," because a urine sample returned a positive result for buprenorphine.  On July 24, 2017, Eaton appeared before a Disciplinary Hearing Officer ("DHO"), during which Eaton declined to make a statement.   Because of the test result, and evidence that Eaton had not received any medications that would return a positive result for that drug, the DHO found that Eaton had used narcotics that had not been prescribed to him, concluding he was guilty of Prohibited Act of Code—12, Use of Any Narcotics Not Prescribed for the Individual by the Medical Staff.   The DHO sanctioned him with a total loss of 61 days of good conduct time.   Eaton alleges that his release date was extended accordingly.

Eaton claims that this guilty finding was not support by "some evidence" as required

2

by due process because buprenorphine is not a narcotic drug. However, the Court of Appeals for the Seventh Circuit has described the "some evidence" requirement as a "meager threshold." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). In *Scruggs*, the court acknowledged that even though the evidence must bear "some indicia of reliability," once that showing has been made, courts do not reverse results of the disciplinary official. *Id.* In other words, this standard "require[s] only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The DHO's determination was reasonable and based on two undisputed pieces of evidence: (1) Eaton's urine tested positive for buprenorphine, and (2) Eaton was not taking any medications that would test positive for that drug. Although Eaton claims that buprenorphine is not a "narcotic" drug, buprenorphine is an opiate medication, and Eaton has not submitted any evidence suggesting that the DHO had a legitimate basis to question whether buprenorphine was not actually a narcotic drug prohibited by BOP policy. Therefore, Eaton's circumstances to not support a reasonable inference that the guilty finding violated his Fourteenth Amendment due process rights, and his petition will be dismissed. *See Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003) (requiring a habeas petition for cross the "threshold of plausibility" before requiring the government to respond).

ORDER

IT IS ORDERED that:

1. Clifford Eaton's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to close this case.

Entered this 1st day of August, 2022.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge